IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA.

CASE NO.: 2009 CA 006666XXX

DIVISION:

TOM RICH and YVETTE RICH,

    Plaintiffs,

vs.

JACKSONVILLE SHERIFF'S OFFICE,
ROBERT A. HINSON, STEPHEN W. SIEGEL and
OFFICE OF STATE ATTORNEY FOURTH JUDICIAL
CIRCUIT.

    Defendants.

DIVISION CV- A

3:09-cv-454-J-34MCR

## COMPLAINT

PLAINTIFFS, TOM RICH and YVETTE RICH, by and through their undersigned counsel and pursuant to 42 USC § 1983, hereby sues Defendants, JACKSONVILLE SHERIFF'S OFFICE, ROBERT A. HINSON, STEPHEN W. SIEGEL and OFFICE OF STATE ATTORNEY FOURTH JUDICIAL CIRCUIT and alleges:

1. This is an action for injunctive relief, declaratory judgement and damages in excess of $15,000.

2. At all times relevant to this action, Plaintiffs, Tom and Yvette Rich, were residents of Jacksonville, Duval County, Florida.

3. At all times relevant to the action, Plaintiffs were citizens of the United States of America.

4. Until November 29, 2008, Mr. and Mrs. Rich were active members of the First Baptist

1

Church of Jacksonville, Florida (herein referred to as the "Church").

5. They had been members of the Church for approximately twenty (20) years.

6. Plaintiffs, Mr. and Mrs Rich, have three (3) children, who also attended and participated in Church and Church related activities.

7. The Church is composed of a large congregation and is often referred to as a "mega-church." Each sunday service is televised regionally.

8. The Church is lead spiritually and administratively by a Senior Pastor.

9. Prior to his retirement in 2005, the Church was headed by Senior Pastor Jerry Vines.

10. In February 2006, the Church appointed Mac Brunson as the new Senior Pastor.

11. Prior to his appointment, Mac Brunson was not a member of the Church.

12. Some time after this appointment, Plaintiff, Tom Rich, began to notice changes in preaching style, fund-raising, and Church administration.

13. Plaintiff, Mr. Rich, perceived these changes as a departure from long standing Church practices and believed these changes represented a serious threat to the integrity of the Church.

14. As a result, Mr. Rich began an online chat forum (herein referred to as the "blog") to discuss issues relating to Church doctrine, Church funding and Church administration.

15. On the blog, Plaintiff would publish religious viewpoints, information and opinions pertaining to the Church and Mac Brunson's leadership.

16. The blog invited other people to contribute to the blog anonymously or otherwise.

17. The blog was critical of Church leaders, including Mr. Brunson and employed rhetorical and factual tools such as sarcasms and hyperbole.

18. The blog was not exclusively critical. Plaintiff published praise of Mac Brunson on more than one occasion.

19. However, due to the critical, controversial nature of the topic and his fear of retaliation from the Church, Plaintiff, Tom Rich, created and contributed to the blog anonymously.

20. The blog was dedicated to the anonymous expression of religious viewpoints.

21. Plaintiff believed anonymity was an essential element of the power and effectiveness of the blog, as anonymity would encourage open and honest dialog.

22. Plaintiff had a reasonable expectation of privacy concerning ownership of the blog.

23. At no time did Mr. Rich express, condone or incite violence of any type against the Church, its leaders or members.

24. At no time did Mr. Rich threaten violence or any type of criminal conduct against the Church, its leaders or members.

25. At no time did Mr. Rich described violence or criminal conduct against the Church or any other person or entity.

26. At no time did Mr. Rich commit any crime involving his blog, the Church, its leaders or members.

27. At all times relevant to this action, Defendant, Robert A. Hinson, was a law enforcement officer employed with the Jacksonville Sheriffs Office (JSO).

28. At all times relevant to this action, Defendant, Robert A. Hinson, was a member of the Church.

29. At all times relevant to this action, Defendant, Robert A. Hinson, was a member of Senior Pastor, Mac Brunson's security detail.

3

30. On or before September 29, 2008, Officer Hinson was contacted by the Church for the purpose of obtaining the name of the anonymous blog's author.

31. On or before September 29, 2008, Officer Hinson opened a criminal investigation into the blog.

32. There was no factual or legal basis for the opening of this criminal investigation.

33. The investigation was opened for the sole purpose of obtaining the identity of the anonymous blogger.

34. On or after September 29, 2008, Officer Hinson sought and obtained multiple subpoena from Steven Siegel, an Assistant State Attorney (ASA) for the Fourth Judicial Circuit.

35. The subpoena were directed to Internet providers Google, Inc. and Comcast, Inc and requested the identity of the author of the blog along with all other records pertaining to the blog.

36. On or before November 17, 2008, Google and Comcast provided the requested information.

37. On or before November 17, 2008, Officer Hinson closed the investigation.

38. Officer Hinson and/or ASA Siegel identified the Plaintiff, Tom Rich, as being the author of the blog to the Church.

39. Thereafter, the Church issued trespass warnings against Plaintiffs, Tom and Yvette Rich.

40. Mr. and Mrs Rich were not allowed onto Church premises and have had to seek a new church.

## COUNT I - 42 USC §1983 - VIOLATION OF FIRST AMENDMENT RIGHT TO FREE SPEECH (HINSON and JSO)

41. Plaintiff, Tom Rich, incorporates by reference allegations 1-40.

42. Mr. Rich is entitled to protection under the First Amendment of the United States Constitution.

43. Under the First Amendment, no person, acting under color of state law, may abridge the Plaintiffs right to speak freely.

44. The right to speak freely includes the right to speak anonymously.

45. Jacksonville Sheriffs Office (JSO) is a local governmental agency of Duval County and the City of Jacksonville.

46. At all times relevant, Officer Hinson was acting in accordance with established JSO policy.

47. At all times relevant, Officer Hinson was acting under color of state law.

48. By disclosing Plaintiff's identity to the Church, Officer Hinson and JSO violated Plaintiff, Tom Rich's, right to speak anonymously.

49. Specifically, the actions, policy and procedures of Defendants, Robert Hinson and JSO, destroyed the anonymity of the Plaintiff's prior published speech.

50. Furthermore, the actions of JSO and Officer Hinson have prevented Plaintiff from speaking anonymously in the future, on the same topic and in the same manner.

51. No governmental interest was served in the disclosure of Plaintiff's identity to the church.

52. The laws and rights violated are long established and Defendants could not have reasonablely believed the conduct to be legal.

5

53. This violation was deliberate and malicious.

54. As a result of the actions of Officer Hinson and JSO, Plaintiff, Tom Rich, has suffered injury including but not limited to emotional distress, mental anguish, loss of enjoyment of life and other non-pecuniary losses. These injuries are ongoing and permanent.

## COUNT II - 42 USC §1983 - VIOLATION OF FIRST AMENDMENT RIGHT TO FREE SPEECH (SIEGAL and OSA)

55. Plaintiff, Tom Rich, incorporates by reference allegations 1-40.

56. Mr. Rich is entitled to protection under the First Amendment of the United States constitution.

57. Under the First Amendment, no person, acting under color of state law, may abridge the Plaintiffs right to speak freely.

58. The right to speak freely includes the right to speak anonymously.

59. Office of State Attorney (OSA) is a local governmental agency, as the state attorney is elected locally, it's jurisdiction is local and functions as an investigatory arm of JSO.

60. At all times relevant, Stephen Siegel was acting in accordance with established OSA policy.

61. At all times relevant, Stephen Siegel was acting under color of state law.

62. By issuing subpoena, ASA Siegel approved, ratified, and enabled the conduct of Officer Hinson.

63. The subpoena, as issued, violated long-standing federal privacy laws.

64. By disclosing Plaintiff's identity to the Church, Stephen Siegel and OSA violated

6

Plaintiff, Tom Rich's, right to free speech.

65. But for the conduct of ASA Siegal and the policy and procedures of the OSA, Plaintiffs rights would not have been violated.

66. Specifically, the actions, policy and procedures of Defendants, ASA Siegel and OSA, destroyed the anonymity of the Plaintiff's prior published speech.

67. Furthermore, the actions of ASA Siegel and OSA have prevented Plaintiff from speaking anonymously in the future, on the same topic and in the same manner.

68. Given the religious nature of the speech, the privacy concerns and free speech issues raised by the blog and the investigation, a reasonable lawyer would have refused any subpoena without clear articulate facts supporting probable cause of criminal conduct.

69. By issuing subpoena without any legitimate evidence of related criminal conduct, ASA Siegel displayed a willful indifference to the rights of the Plaintiff.

70. No governmental interest was served by the issuance of subpoenae.

71. This violation was deliberate and malicious.

72. As a result of the actions of ASA Siegel and OSA, Plaintiff, Tom Rich, has suffered injury including but not limited to emotional distress, mental anguish, loss of enjoyment of life and other non-pecuniary losses. These injuries are ongoing and permanent.

### COUNT III - 42 USC §1983 - VIOLATION OF ESTABLISHMENT AND FREE EXERCISE CLAUSE (HINSON, SIEGAL, SAO and JSO)

73. Plaintiff, Tom Rich, incorporates by reference allegations 1-40.

74. Mr. Rich is entitled to protection under the First Amendment of the United States constitution.

7

75. Under the First Amendment, no person, acting under color of state law, may act to establish, confirm, support or ratify a particular religious sect.

76. Under the First Amendment, no person, acting under color of state law, may act to prevent, abridge or burden an individual's exercise of religious belief.

77. The blog was a vehicle for the exercise and expression of religious beliefs.

78. At no time was there a factual connection between Plaintiff's blog and any criminal conduct.

79. No governmental interest was served by the investigation of Plaintiff or the disclosure of his identity to the Church.

80. The criminal investigation was fabricated to create the illusion of legitimacy but was, in fact, a mere pretext for the discovery and disclosure of Plaintiff's identity to the Church.

81. Officer Hinson, ASA Siegel, JSO and OSA, acting under color of state law, spent tax-payer money and government time prosecuting an errand of the Church and in doing so acted as an extension and enforcer for a particular religious entity.

82. The conduct of the Defendants constituted an impermissible establishment of religion.

83. This establishment was in derogation of Plaintiff's religious viewpoint and caused the expulsion of Plaintiff from the Church.

84. This conduct was carried out under and in accord with existing policy and procedure of JSO and OSA.

85. The conduct was deliberate and malicious.

86. The conduct has since been ratified by both JSO and OSA.

87. The conduct violated long established laws and Defendants could not have reasonably

believed the conduct to be legal.

88. Such policy and procedures continues to be in effect in both Offices.

89. As a result of this conduct, Plaintiff, Tom Rich, has suffered injury including but not limited to emotional distress, mental anguish, loss of enjoyment of life and other non-pecuniary losses. These losses are ongoing and permanent.

## COUNT IV - CONSORTIUM

90. Plaintiff, Yvette Rich, incorporates by reference allegations 1-89.

91. At all times relevant, Yvette Rich was the lawful wife of Tom Rich.

92. As a direct and proximate result of Defendants' violation of her husband's rights, Yvette Rich has suffered injury including but not limited to mental anguish, emotional distress, and loss of enjoyment of life. The injuries are ongoing and permanent.

**WHEREFORE, Plaintiffs,** Tom Rich and Yvette Rich, demand declaratory judgement and injunctive relief, including but not limited to identifying the rights of the parties and enjoining proscribed conduct in the future; Plaintiffs also demand compensatory, nominal, punitive damages and attorney's fees and cost pursuant to 42 USC §1983. Plaintiffs request a jury trial on all issues of fact.

J. SCOTT NOONEY & ASSOCIATES

_____
Michael K. Roberts, Esquire
Florida Bar Number: 0779741
3535 Hendricks Avenue
Jacksonville, FL 32207
Tel.: (904) 398-1992
Fax: (904) 858-9943
Attorneys for Plaintiffs