UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TOM RICH AND YVETTE RICH,   CASE NO.: 3:09-CV-454-J-34MCR

    Plaintiffs,

v.

JACKSONVILLE SHERIFF'S OFFICE,
ROBERT A. HINSON, STEPHEN W.
SIEGEL and OFFICE OF STATE
ATTORNEY FOURTH JUDICIAL
CIRCUIT,

    Defendants,

---

## DEFENDANT JACKSONVILLE SHERIFF'S OFFICE'S
## MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

Defendant, Jacksonville Sheriff's Office ("JSO"), pursuant to Middle District Rules 3.01(a) and 4.02 ( c) hereby submits this memorandum of law in support of its Motion to Dismiss Plaintiffs' Complaint. (Dkt. #4).

## MEMORANDUM OF LAW

Plaintiffs' Complaint asserts claims against the JSO as well as other defendants pursuant to 42 U.S.C. §1983 (Dkt. #2). The JSO is not an entity subject to suit and therefore, dismissal of Plaintiffs' Complaint against the Sheriff's Office is required as a matter of law. *Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992).

In *Dean*, the Eleventh Circuit affirmed dismissal of a claim brought against a county sheriff's department and explained "Sheriff's departments and police departments are not usually considered legal entities subject to suit . . . "but capacity to sue or be sued shall

be determined by the law of the state in which the district court is held'." *Id.* at 1214. (Internal citations omitted).

In *Eddy v. City of Miami*, 715 F. Supp. 1553, 1556 (S.D. Fla. 1989), where the Plaintiff sued the City of Miami Police Department, the trial court struck that claim because under Florida law "Where a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit." *See also Pierre v. Schlemmer*, 932 F.Supp. 278, 279-80 (M.D. Fla. 1996) (under Florida law a city police department is not an entity subject to suit); *Post v. City of Ft. Lauderdale*, 750 F.Supp. 1131 (S.D. Fla. 1990)(Ft. Lauderdale Police Department was not a proper party to suit under 42 U.S.C. §1983, citing *Eddy, supra*, and *Martinez v. Winner*, 771 F.2d 424 (10th Cir. 1985), which held that the Denver Police Department is not a separate suable entity from the City of Denver); *Phelps v. Forrister*, 2008 WL 5000027, *3 (M.D. Fla. 2008)(Sarasota Police Department did not have capacity to be sued and thus was not a proper party and dismissal was warranted); *Rosa v. City of Ft. Myers*, 2007 WL 3012650, *7 (M.D. Fla. 2007)(Ft. Myers Police Department was not an entity subject to suit; therefore, summary judgment granted in its favor); *Martinez v. Palm Bay Police Dept.*, 2006 WL 1933812, *11 (M.D. Fla. 2006) (summary judgment granted in favor of the Palm Bay Police Department because a municipal police department is not an entity subject to suit)

Similarly, in *Cotton v. Winter Haven Police Dept.*, 2005 WL 2129603, *2 (M.D. Fla. 2005), the District Court, in dismissing a complaint against a municipal police department, explained:

> Many courts have held that police departments are not entities subject to suit...These cases hold that a police department is not separate from the city or county itself and, as such, is not a legal entity. Thus, suits must be brought against the city itself. A police department, which is not a registered entity within the State of Florida, is not subject to suit under 42 U.S.C. §1983. As the *Eddy* Court held, where a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit. (Internal citations omitted)

See also *Florida City Police Dept. v. Corcoran*, 661 So.2d 409 (Fla. 3d DCA 1995); *Tobkin v. Tobkin*, 925 So.2d 337 (Fla. 4th DCA 2006).

This principle does not merely apply to claims against city police departments; it bars suits for damages against Florida county sheriffs' departments as well. This is illustrated in *Bethel v. Escambia County Sheriff's Office*, 2006 WL 839184, *1 (N.D. Fla. 2006), where the Court, in dismissing a claim against the Escambia County Sheriff's Office, adopted a Magistrate's Report and Recommendation explaining:

> Under Florida law, there are constitutionally created political subdivisions called counties and separately created constitutional officers, including sheriffs. Fla. Const. Art. VIII, §§1(a) and (d). However, no provision is made constitutionally or statutorily for a "Sheriff's Office" as a separate legal entity, as an agency of the county, or as a corporate entity, nor is a Sheriff's Office given authority to be sued in such a name.

See also *Mann v. Hillsborough County Sheriff's Office*, 946 F.Supp. 962, 970-71(M.D. Fla. 1996) (County Sheriff's office lacks capacity to be sued); *Cotton v. Polk County Sheriff's Office*, 2005 WL 2179768,*2 (M.D. Fla. 2005); *McMahon v. Hunter*, 2007 WL 1952906,*3 (M.D. Fla. 2007)(Collier County Sheriff's Office was not a proper entity subject to suit; therefore, claims against it were dismissed with prejudice); *Lewis v. Escambia County Jail*,

2007 WL 1428727,*5 (N.D. Fla. 2007); *Masson v. Miami-Dade County*, 738 So.2d 431 (Fla. 3d DCA 1999) (County police department does not have the capacity to sue or be sued).

Pursuant to authority under the Florida Constitution, the Florida Legislature enacted Chapter 67-1320, Laws of Florida, creating the consolidated City of Jacksonville. *See also Jackson v. Consolidated Government of City of Jacksonville*, 225 So.2d 497 (Fla. 1969). The City of Jacksonville created the JSO as one of its city departments through which it fulfils its policing functions. *See* Article 8 of the Charter for the City of Jacksonville[1], and Chapter 37, Jacksonville Ordinance Code. As such, it is clear that the JSO is not a legal entity subject to suit and thus, is not a proper party to this action. Therefore, pursuant to the aforementioned authority, dismissal of the claims against JSO with prejudice is warranted.

Respectfully submitted,

**RICHARD A. MULLANEY**
**GENERAL COUNSEL**

/s/ Jon R. Phillips
**JON R. PHILLIPS**, Esquire
Chief, Personal Injury Division
Florida Bar No.: 273813
Office of General Counsel
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
(904) 630- 1700
Attorneys for Defendant,
Jacksonville Sheriff's Office
jphillips@coj.net

---

[1] Section 37.101 of the Ordinance Code provides that the Sheriff is the "Chief executive officer of the Sheriff's Office." Section 8.01 of the Charter provides that the Sheriff is responsible for law enforcement "...**in the consolidated government.**"

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 26, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A.

**RICHARD A. MULLANEY**
**GENERAL COUNSEL**

/s/ Jon R. Phillips
**JON R. PHILLIPS**, Esquire
Chief, Personal Injury Division
Florida Bar No.: 273813
Office of General Counsel
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
(904) 630- 1700
Attorneys for Defendant
Jacksonville Sheriff's Office
jphillips@coj.net