UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Tom Rich and Yvette Rich,

    Plaintiffs,

vs.                                           Case No. 3:09-cv-454-J-34MCR

City of Jacksonville, a Florida Municipal
Corporation, Robert A. Hinson, Stephen W.
Siegel, and Angela Corey, in her official
capacity as State Attorney for the Forth Judicial
Circuit.

    Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Defendants' Unopposed Motion to Stay Discovery (Doc. 40) filed March 19, 2010. Defendants request an Order staying discovery pending the resolution of Defendants' Motion to Dismiss (Doc. 19).

Plaintiffs claims in Count II and Count III of their Amended Complaint are brought pursuant to 42 U.S.C. § 1983 against Defendant, Assistant State Attorney Stephen Siegel, in his individual capacity and Defendant, State Attorney Angela Corey, in her official capacity. As such, Defendants raised the defense of qualified immunity and lack of standing in their Motion to Dismiss. (Doc. 19). In a suit for money damages against government officials based on their official acts, discovery should not be allowed before the threshold issue of immunity is resolved. Harlow v. Fitzgerald, 457 U.S. 800, 818 (U.S. 1982); see also Cottrell v. Caldwell, 85 F.3d 1480, 1487 (11th Cir. 1996) (noting

-1-

that the qualified immunity defense "is meant to give government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery").

Moreover, courts in this circuit have granted such motions to stay where the "resolution on the pending motion to dismiss may extinguish some or all of the claims ... potentially restricting the scope of discovery significantly." United States v. Real Prop., 2009 U.S. Dist. LEXIS 53997, 2009 WL 1834149, at *1-2 (S.D. Ga. June 25, 2009); White v. Georgia, 2007 U.S. Dist. LEXIS 79290, 2007 WL 3170105, at *2 (N.D. Ga. Oct. 25, 2007).  Therefore, the Court finds the issuance of a stay in the instant case is appropriate pursuant to both Rule 26 of the Federal Rules of Civil Procedure and its inherent authority to manage cases pending before it.  See Fed. R. Civ. P. 26(b)(1) (recognizing that the scope of discovery may be "limited by court order"); Clinton v. Jones, 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

Accordingly, after due consideration, it is

**ORDERED**:

Defendants' Unopposed Motion to Stay Discovery (Doc. 40) is **GRANTED.** Should the Court deny all or part of Defendants' Motion to Dismiss, the parties shall submit a proposed scheduling order within ten (10) days of the Court's entry of the order denying Defendant's Motion.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  23rd  day of March, 2010.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Parties