UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Tom Rich and Yvette Rich,

        Plaintiffs,

vs.                                                Case No.  3:09-cv-454-J-32MCR

City of Jacksonville, et al,

        Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Compel (Doc. 63) filed September 29, 2010.

**I.    BACKGROUND**

Plaintiff, Tom Rich, brought this action against Defendants, the City of Jacksonville, Detective Robert A. Hinson, and Assistant State Attorney Stephen W. Siegel, claiming they abridged his First Amendment right to speak anonymously in an internet blog.  Specifically, Plaintiff claims his identity was unlawfully discovered through investigative subpoenas sought by Det. Hinson and signed by ASA Siegel in September and October of 2008.

On June 29, 2010, Defendant, Assistant State Attorney Stephen W. Siegel, served Plaintiffs with his Third Request to Produce, containing three document requests.  (Doc. 63-A).  On August 4, 2010, Plaintiffs served their responses, objecting identically to each of the three document requests.  (Doc. 63-B).  On August 31, 2010,

Defendant's counsel contacted Plaintiffs' counsel stating that Defendant would move to compel production if the requested documents were not produced by September 8, 2010. (Doc. 63, p. 2). On September 2, 2010, Plaintiffs' counsel responded and more thoroughly explained their objections. (Doc. 63-D). On September 8, 2010, Defendant's counsel sent Plaintiffs' counsel a letter narrowing two of the document requests at issue. (Doc. 63-E). To date, Plaintiffs have not responded.

On September 29, 2010, Defendant filed the instant Motion to Compel. (Doc. 63). On October 11, 2010, Plaintiffs filed their response in opposition to Defendant's Motion. (Doc. 64). Accordingly, this matter is now ripe for judicial determination.

## II.   ANALYSIS

Motions to compel disclosures and other discovery under Federal Rule of Civil Procedure 37 are committed to the sound discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts. See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983, 986-87 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention.

Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

Here, three document requests are at issue.  The Court will address each of these requests.

### A. Document Request No. 1

Document Request No. 1 and Plaintiffs' response are as follows:

> **Document Request No. 1**: Any correspondence, including letters, e-mails, or similar communication, concerning any "blog" or similar computerized form of communication in which articles or comments were posted referring to the First Baptist Church of Jacksonville and/or any Pastor of the First Baptist Church of Jacksonville.
>
> **Answer:** Plaintiffs' objections contend that the request is (1) vague and ambiguous, (2) overly broad or burdensome in the request(s) lack a defined scope, (3) all relevant writings, emails, letters or communications have been previously provided in response to City of Jacksonville's Request to Produce No. 11 dated October 20, 2009, (4) not reasonably calculated to lead to the discovery of admissible evidence, (5) the information is protected by the First Amendment specifically under the right to speak and/or write anonymously.

(Doc. 63-A).  On September 8, 2010, Defendant's counsel narrowed the request via letter to Plaintiffs' counsel, stating the following:

> I will limit the request to only those documents sent or received by [Plaintiff] from August 30, 2007 and December 31, 2008. Within that time period the request includes correspondence, including letters, e-mails, or similar communications related to any articles posed on a blog website, such as fbcjaxwatchdog.blogspot.com.  We are not seeking a copy of the posed comments or blog articles themselves.  Rather this request encompasses any written communications that were either sent to [Plaintiff] or sent by him relating to any blog website, to which he is associated, in which articles were

-3-

> posted concerning the First Baptist Church of Jacksonville and/or the Pastor Brunson. ...

(Doc. 63-E).

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter ... that is relevant to the claim or defense of any party." Courts construe relevance "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 98 S.Ct. 2380 (1978) (citing Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385 (1947)).

The Court finds the information sought is directly relevant to the issues and defenses in this case. Additionally, the information sought is appropriately limited in time and scope. Furthermore, the requested information would include documentation where Plaintiff used his own name, therefore relinquishing his anonymity, or instances where he received communications, regardless of whether he was addressed in his own name or an alias. Accordingly, Defendant is ordered to provide a supplemental response to Document Request No. 1, no later than **Friday, October 29, 2010.**

**B.     Document Request No. 2**

Document Request No. 2 and Plaintiffs' response are as follows:

> **Document Request No. 2**: Any correspondence, including letters, e-mails, or similar communications that refer to any Defendant in this case.
>
> **Answer**: Plaintiffs' objections contend that the request is (1) vague and ambiguous, (2) overly broad or burdensome in the request(s) lack a defined scope, (3) all relevant writings, emails, letters or communications have been previously provided in response to City of Jacksonville's Request to

> Produce No. 11 dated October 20, 2009, (4) not reasonably calculated to lead to the discovery of admissible evidence, (5) the information is protected by the First Amendment specifically under the right to speak and/or write anonymously.

(Doc. 63-A). On September 8, 2010, Defendant narrowed the request, stating "we are not seeking any communication posted on any blog website." (Doc. 63-E).

The Court agrees with Plaintiffs that a request seeking *any* correspondence referring to *any* Defendant is not appropriately limited in time and scope. Accordingly, Plaintiffs' objections to this request are sustained.

### C. Document Request No. 3

Document Request No. 3 and Plaintiffs' response are as follows:

> **Document Request No. 3**: Any correspondence, including letters, e-mails, or similar communication, referring to this lawsuit, except those that are solely between you and your attorney.
>
> **Answer**: Plaintiffs' objections contend that the request is (1) vague and ambiguous, (2) overly broad or burdensome in the request(s) lack a defined scope, (3) all relevant writings, emails, letters or communications have been previously provided in response to City of Jacksonville's Request to Produce No. 11 dated October 20, 2009, (4) not reasonably calculated to lead to the discovery of admissible evidence, (5) the information is protected by the First Amendment specifically under the right to speak and/or write anonymously.

(Doc. 63-A). No further clarification was provided for this request. (Doc. 63-E).

The Court finds this information is directly relevant to this case as it refers to this lawsuit specifically. Additionally, the information sought is appropriately limited in time and scope as it refers only to the instant cause of action. Furthermore, it does not request privileged information. Therefore, Defendant is ordered to provide a

supplemental response to Document Request No. 3, no later than **Friday, October 29, 2010.**

### D.  Sanctions

The remaining issue is whether Defendant is entitled to recover attorney' fees and costs.  Federal Rule of Civil Procedure 37(a)(5)(C) provides:

> If the motion [to compel] is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

The court "has wide latitude in imposing sanctions for failure to comply with discovery." Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994).  "Rule 37 sanctions are to be applied diligently."  In re Stauffer Seeds, Inc., 817 F.2d 47, 49 (8th Cir. 1987).  Where the producing party's actions necessitate the motion to compel, or where the objections and failure to respond are not substantially justified, an award of sanctions is appropriate. Starcher v. Corr. Med. Sys., Inc., 144 F.3d 418, 421-22 (6th Cir. 1998).  Further, a party against whom a motion to compel is enforced may only avoid payment of sanctions by demonstrating that his position is substantially justified.  Rickels v. City of South Bend, 33 F.3d 785, 787 (7th Cir. 1994).  A "motion is substantially justified if it raises an issue about which there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action."  Doe v. Lexington-Fayette Urban County Gov't, 407 F.3d 755, 766 (6th Cir. 2005) (citing Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988)).  Here, the Court does not consider an award of sanctions to be appropriate at this time.

**III. CONCLUSION**

Accordingly, after due consideration, it is

**ORDERED**:

Defendant's Motion to Compel (Doc. 63) is **GRANTED in part and DENIED in part** as provided in the body of this Order.  Plaintiffs shall serve Defendant with supplemental responses to Document Request Nos. 1 and 3, no later than **Friday, October 29, 2010.**

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  18th  day of October, 2010.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party